ANN McILVAIN ET AL v. JOHN R. MOSS ET AL.

Dower—Consent to Judicial Sale—Acceptance of Purchase Money—Estoppel.
  A wife's consent to a judicial sale of her husbands land and her
  acceptance of a part of the purchase money estopped her from asserting
  her contingent right of dower.

Estoppel by Judgment.
  The appellant, as a party to this record, is concluded by this adjudged
  estoppel and she can never assert a right to dower hereafter.

APPEAL FROM HENRY CIRCUIT COURT.

July 5, 1869.

OPINION OF THE COURT BY JUDGE ROBERTSON:

The appeal in this case, having been taken from the valid judg-
ment of 1866 and not from the void judgment preceding it, is not
barred by the statute of limitation, and the judgment appealed
from is erroneous for the following reasons:

1.  Although the sale of the 103 acres of land to the appellees
must be deemed a sale of an unincumbered title, and the purchasers
are therefore, entitled to either a perfect title unincumbered by
Mrs. McIlvain's potential claim to dower as to compensation to
the extent of its value, yet the estimated value is entirely too high.

2.  Mrs. McIlvain's consent to the sale before it was decreed and
her acceptance of $300 of the purchase money estopped her from
asserting her contingent right of dower. *Connolly vs. Rantler
3rd Bush 702.*

And consequently, as she will, as a party to this record, be con-
cluded by this judged estoppel, she can never availably assert
a right to dower hereafter against the appellees. This assurance
of unimbarrassed title is all the appellees should want or can be
entitled to in this case.

The judgment for $500 is therefore reversed and the cause
remanded for a decree conformable herewith.

Costs will not be adjudged to either party in this court and Mrs.

McIlvain's improper claim to dower should subject the appellant to all the costs in the circuit court.

*Pryor & Barbour, Scott, for appellant.*

*Rodman, for appellee.*